# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

    Plaintiff,

    v.                                                Case No. 04-C-65

STEVEN SCHUELER,
CORRECTIONAL OFFICER STANIEC,
and SCOTT JERESKA,

    Defendants.

# ORDER

    Plaintiff Manuel Williams, who is incarcerated at Green Bay Correctional Institution (GBCI), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding in forma pauperis on an excessive force claim against defendants Steven Schueler, Correctional Officer Staniec, and Scott Jereska. On May 17, 2006, the plaintiff filed a "Motion Compelling Production of Documents 34(b) Fed. R. Civ. P." (Plaintiff's Motion to Compel). The defendants have not filed a response to the plaintiff's motion. The motion will be addressed herein.

    In his motion, the plaintiff seeks 1) documents and information relating to the correctional officers who held his arms during the cell extraction on October 29, 2003, 2) a copy of the videotape of the cell extractions, if it could identity the participating correctional officers and 3) copies of incident reports written by certain officers relating to the October 29, 2003, incident. Specifically, the plaintiff seeks disclosure of incident reports written by defendants

Jeremy Staniec, Scott Jereska, and Steven Schueler, as well as any such reports written by Christina Witthum, Shawn Campbell, and Angela Renner. (Plaintiff's Motion to Compel at 4).

In his motion, the plaintiff states that on May 4, 2006, the defendants responded to his request for production of documents. He further states that his discovery request sought the names of "any and/or all correctional officers who participated in October 29, 2003 incident, who held the plaintiff's arms to the cell-trap while defendants [sic] Schueler used the Ultron device," documents showing the names of these correctional officers, and, if necessary for identification purposes, the videotape of the incident. (Plaintiff's Motion to Compel ¶¶ 3, 5.)

The plaintiff states that the defendants failed to produce documents about correctional officers who held the plaintiff's arms because the defendants said that no officers held the plaintiff's arms to the cell-trap door while defendant Schueler used the Ultron device. Id. ¶ 4. According to the plaintiff, the defendants responded: "There are no documents that meet this description. No officers held plaintiff['s] arms to the trap, while Schueler used the Ultron device." Id. ¶ 6. The plaintiff states that the defendants did respond that the cell-extraction team consisted of Officer Jeremy Staniec, Officer Scott Jereska, Officer Shawn Campbell, Officer Christina Witthum, and Officer Angela Renner. Id. ¶ 4.

With respect to the request for incident reports, the plaintiff states that all correctional officers are to file incident reports detailing their participation in the events of October 29, 2003. Id. ¶ 7. He states that when he first filed this case, he filed one incident report "describing what defendant Schueler done [sic] to the plaintiff, and such incident reports provided a concise description of defendant Schueler['s] activities. . .." Id. ¶ 9. The plaintiff asserts that the incident reports will show what happened and who participated in the events of October 29, 2003.

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any matter which is relevant. The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2).

Although Rule 37 of the Federal Rules of Civil Procedure permits the court to compel discovery, the rule provides that the party seeking such discovery first must confer in good faith with the opposing party in an effort to resolve the discovery issue without court action. Civil Local Rule 37.1(E.D. Wis.) also requires such initial consultation. If the parties are unable to resolve their differences, the party seeking discovery may filed a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). However, such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Civil L.R. 37.1; see also, Fed. R. Civ. P. 37(a)(2)(B).

The plaintiff's motion to compel production of documents indicates that he filed a discovery request and that the defendants responded to that request. However, the plaintiff's motion does not indicate that he engaged in the required personal consultation with opposing counsel. Therefore, his motion to compel discovery will be denied.

However, even if the plaintiff had complied with the requirements of the rule and consulted with the defendants before filing his motion to compel, the motion would be denied. With respect to the plaintiff's request for documents showing the names of the correctional

- 3 -

officers who held his arms while defendant Schueler used the Ultron device, the defendants responded that no such documents existed. The defendants cannot be expected to produce documents which do not exist. Moreover, the videotape referenced by the plaintiff is part of the record in this case. (See Court's Order of November 30, 2004). In any event, the defendants provided the plaintiff with the names of the members of the cell extraction team.

The plaintiff also seeks incident reports describing the actions of the defendants and other correctional officers with respect to the plaintiff on October 29, 2003. However, the plaintiff states in his motion that the defendants advised him in response to his discovery request that there are no documents describing the events of October 29, 2003. (Plaintiff's Motion to Compel ¶ 7).

The plaintiff states that he filed an incident report with the court at the time he commenced this action. Id. ¶ 9. It is unclear why the plaintiff is making this reference. The record reflects that the plaintiff filed a "Request for Review of Rejected Complaint" on December 5, 2003, following a rejection on November 13, 2003, of a complaint he apparently filed with the Inmate Complaint Examiner's Office. See Attachments to plaintiff's complaint filed January 20, 2004. There is no indication of any "incident reports" filed with the complaint.

Upon review of the plaintiff's motion, the court finds that the defendants have responded to the plaintiff's discovery requests. They told the plaintiff that they have no documents, which would include incident reports, relating to the October 29, 2003, incident. They provided him with the names of the members of the cell extraction team. A copy of the video at issue has also been filed with the court. Accordingly, for the reasons stated herein, the plaintiff's motion compelling production of documents will be denied.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to compel (Docket #116) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2006.

BY THE COURT:
s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge