# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

    Plaintiff,

    v.                                                               Case No. 04-C-65

STEVEN SCHUELER,
CORRECTIONAL OFFICER STANIEC,
and SCOTT JERESKA,

    Defendants.

## DECISION AND ORDER

    Plaintiff Manuel Williams, who is incarcerated at Green Bay Correctional Institution (GBCI), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding in forma pauperis on an excessive force claim against defendants Steven Schueler, Correctional Officer Staniec, and Scott Jereska. The plaintiff has filed a motion for summary judgment which will be addressed herein.

    The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## **BACKGROUND OF THE CASE**

On March 22, 2004, the plaintiff was granted leave to proceed in forma pauperis on an excessive force claim against defendant Steven Schueler and two John Doe defendants. The court issued a scheduling order setting deadlines for the completion of discovery and for the filing of dispositive motions. Discovery was conducted and defendant Schueler filed a motion for summary judgment. The John Doe defendants were not part of the motion because they had not yet been served.

On July 29, 2005, the court denied defendant Schueler's motion for summary judgment. The court found that significant factual disputes existed with regard to whether excessive force was used against the plaintiff:

> In sum, defendant Schueler avers that he used the Ultron on the plaintiff to maintain and to restore discipline. The plaintiff, on the other hand, avers that the two [John Doe] officers held his arms down while defendant Schueler repeatedly shocked him, smiling while he did it and laughing when he was done. This factual dispute cannot be resolved on summary judgment.

(Court's Order of July 29, 2005, at 14.) The court also determined that given the disputes about relevant, material facts, it was unable to determine whether defendant Schueler was entitled to qualified immunity with respect to the plaintiff's claims.

The plaintiff subsequently identified the two John Doe defendants as Correctional Officer Staniec and Scott Jereska. Defendants Staniec and Jereska have been properly served and have filed responsive pleadings. The court issued an amended scheduling order setting May 22, 2006, as the deadline for the completion of discovery. Any dispositive motions were to be filed by June 26, 2006.

On June 22, 2006, the plaintiff filed a motion for summary judgment. This motion is fully briefed and ready for resolution.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of trial-(1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law-is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleading themselves . . ."); Fed. R. Civ. P. 56(e). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322 (emphasis added).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Johnson v. Pelker, 891 F.2d 136, 138 (7th Cir. 1989). "However, we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991) (citation omitted).

## **RELEVANT UNDISPUTED FACTS**[1]

This lawsuit arises out of an incident that occurred at Waupun Correctional Institution (WCI) on October 29, 2003, where the plaintiff was incarcerated. The plaintiff informed correctional officers that he had a "shank" - a homemade knife - and covered his cell window with paper. After being sprayed with chemical agents three times, the plaintiff allowed himself to be restrained and taken from his cell to the shower to have the chemical agents rinsed off.

When the plaintiff was returned to another cell, the officers removed his leg restraints, placed him in the cell and closed the door. The plaintiff was then ordered to place his hands out of the cell trap door so that the officers could remove his handcuffs. The plaintiff placed his hands out of the cell trap door so the handcuffs could be removed. The plaintiff was then instructed to pull his hands in so the cell trap door could be closed. The parties dispute what happened next.

According to the plaintiff, (apparently after the handcuffs were removed), his wrist was being bent through the trap-door. He also avers that he attempted to pull his hands

---

[1]This section is taken from the Defendants' Proposed Findings of Fact to the extent they are undisputed and from the plaintiff's affidavits filed June 22, 2006, and August 2, 2006, the plaintiff's supplemental affidavit filed July 14, 2006, and the plaintiff's verified complaint to the extent the averments are not in dispute. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996).

- 4 -

into the cell trap, but that the correctional officers would not release his hands. According to the plaintiff, the correctional officers held his arms pinned to the cell trap while defendant Schueler repeatedly shocked him with the Ultron.[2] The plaintiff denies attempting to grab any correctional officers during the incident.

Contrary to the plaintiff's averments, defendant Schueler avers that, instead of pulling his hands in, the plaintiff grabbed one of the other officers and began to pull the officer towards the cell door. Defendant Schueler further avers that the plaintiff tried to grab and punch him. Despite a warning from defendant Schueler, the plaintiff refused to pull his hands into the cell and continued to violently grab at the officers. According to defendant Schueler, the plaintiff continued to grab at the officers and defendant Schueler again applied the Ultron. The plaintiff continued to struggle with the officers and defendant Schueler repeatedly applied the Ultron. The plaintiff finally let go of the officer's uniform and pulled his arms in through the cell trap door.

## **ANALYSIS**

The plaintiff contends that there are no material facts in dispute and that he is entitled to summary judgment against defendants Staniec and Jereska. The defendants contend that the plaintiff's motion for summary judgment should be denied because: 1) the plaintiff has not complied with Civil Local Rule 56.2 (E.D. Wis.) in that he failed to file proposed findings of fact along with his motion; and 2) the plaintiff has not identified undisputed material facts that entitle him to summary judgment.

---

[2] An Ultron is an electronic control device that produces an electrical shock that can disorient, temporarily immobilize, and stun a person without causing permanent injury.

The plaintiff did not file proposed findings of fact along with his motion for summary judgment. Pursuant to the United States District Court for the Eastern District of Wisconsin's Local Rules, a party moving for summary judgment must include: "(1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2)." Civil L.R. 56.2(a) (E.D. Wis.).

The plaintiff asserts that Civil Local Rule 56.2 does not apply to pro se litigants and, therefore, he was not required to file proposed findings of fact. In fact, Civil Local Rule 56.2, which was amended on April 7, 2003, does apply to pro se litigants.[3] See Civil L.R. 56.1, 56.2 (E.D. Wis.). However, given the change in the local rules and the plaintiff's pro se status, the court will consider the plaintiff's three affidavits in lieu of proposed findings of fact. See Civil L.R. 1.1 (E.D. Wis.) ("Compliance with the rules is expected. However, the rules are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases.").

The Eighth Amendment's cruel and unusual punishment clause prohibits "unnecessary and wanton infliction of pain" on prisoners. Hudson v. McMillian, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Factors in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship

---

[3] A previous version of the rule indicated that Civil Local Rule 56.2 did not apply in pro se prisoner civil rights cases.

between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Another relevant factor in evaluating the use of force is the extent of an inmate's injury. Hudson, 503 U.S. at 7. While it is not necessary that a plaintiff demonstrate significant injury to state a claim for excessive force, "the degree of injury is relevant to determining whether the use of force could plausibly have been thought necessary in a particular situation" and a minor injury supports that conclusion that the incident involved "at most . . . a de minimis use of force not intended to cause pain or injury to the inmate." Lunsford v. Bennett, 17 F.3d 1574, 1582 (7th Cir. 1994).

The Court of Appeals for the Seventh Circuit has not specifically addressed the constitutionality of the use of the Ultron on prisoners for either disciplinary or punishment purposes. However, the appeals court has held that it is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain. Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984). The court is Soto went on to explain that "[t]he use of mace, tear gas or other chemical agents of like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment." Id.

Other circuits have addressed the use of stun guns or tasers on prisoners. Both the Ninth Circuit Court of Appeals and the Sixth Circuit Court of Appeals relied upon the reasoning in Soto in reaching their holdings with respect to taser and stun gun use.

- 7 -

Case 2:04-cv-00065-PJG   Filed 11/29/06   Page 7 of 11   Document 133

A policy allowing guards to use taser guns to enforce compliance with orders does not violate the Eighth Amendment. Michenfelder v. Sumner, 860 F.2d 328, 335-36 (9th Cir. 1988). The court in Michenfelder emphasized that such a policy is constitutional to the extent that taser use is limited to the enforcement of discipline and is not used as punishment:

> A finding that the taser gun is not per se unconstitutional would not validate its unrestricted use. "[T]he appropriateness of the use must be determined by the facts and circumstances of the case." Soto v. Dickey, 744 F.2d at 1270. A legitimate prison policy of carrying tasers to enforce discipline and security would not warrant their use when unnecessary or "for the sole purpose of punishment or the infliction of pain." Id.

Michenfelder, 860 F.2d at 336; see also, Caldwell v. Moore, 968 F.2d 595, 600-01 (6th Cir. 1992) (use of stun gun against disruptive prisoner to restore discipline and order does not violate the Eighth Amendment); Shelton v. Angelone, 183 F. Supp. 2d 830, 835 (W.D. Va. 2002) (evidence that prison guards beat and shocked hand-cuffed and leg-shackled prisoner repeatedly, without justification, would support a finding that prison officials applied force "maliciously and sadistically."); Rubins v. Roetker, 737 F. Supp. 1140, 1141-44 (D. Colo. 1990) (prison guards' use of force, including a stun gun, against a disruptive inmate did not amount to cruel and unusual punishment where the inmate had become loud and aggressive and expressed the desire to get into a physical altercation).

Thus, the fact that the Ultron was used on the plaintiff does not per se violate the Eighth Amendment. Rather, the manner it which it was used determines whether the Eighth Amendment is implicated. The Ultron may be used to maintain or restore discipline. Its use runs afoul of the Constitution, however, if the purpose is to punish or to inflict pain upon a prisoner. See Soto, 744 F.2d at 1270.

- 8 -

In this case, the parties' versions of what transpired after the plaintiff was returned to his cell vary significantly. The plaintiff avers that he attempted to pull his hands into the cell trap, but that defendants Staniec and Jereska held his arms pinned to the cell trap while defendant Schueler repeatedly shocked him with the Ultron. The defendants, on the other hand, aver that defendant Schueler applied the Ultron because the plaintiff reached and grabbed one of the officers, tried to grab and punch defendant Schueler and after a warning, continued to violently grab at the officers. These are relevant material facts which are in dispute, precluding the granting of summary judgment. Therefore, the plaintiff's motion for summary judgment must be denied.

The court notes that the plaintiff contends that the defendants' failure to produce incident reports from the October 29, 2003, incident "show[s] that the defendants got something to hide, relating to the plaintiff['s] proven assertions that defendant Staniec and Jereska held the plaintiff arms to the cell-trap." (Plaintiff's Brief in Support of Motion for Summary Judgment at 9.) According to the plaintiff, he made a production of documents request of the defendants in which he asked the defendants to tell him the names of the officers who "held the plaintiff's arms on the trap, while defendant Steven Schueler used the ultron device . . .." (Affidavit of Manuel Williams [Williams Aff.] filed June 22, 2006, Exh. A.) The defendants responded that "[t]here are no documents that meet this description. No officer held plaintiff's arms to the trap while Schueler used the ultron device." Id. When the plaintiff specifically asked for the incident reports in a discovery request, the defendants responded: "If the plaintiff wishes to view the incidents reports, he may submit a request with Linda Alsum-O'Donovan with the Waupun Correctional Institution's Records Office. At the time of the review, he may request and pay ($0.15 per

- 9 -

page) for any copies that he wishes to have made." (Williams Aff. filed June 22, 2006, Exh. B at 2.)

The plaintiff subsequently obtained the incident reports and they were included along with his reply brief in support of his summary judgment motion. The plaintiff contends that "the undisputed material fact that will entitle Williams to summary judgment are the incident reports attached to his affidavit." (Plaintiff's Reply Brief at 3.) He asserts that the incident reports demonstrate that defendants Staniec and Jereska held down his arms while defendant Schueler repeatedly shocked him with the Ultron and that they show that the defendants misled him in their responses to his discovery requests.

The incident reports are not evidence that is properly considered on a motion for summary judgment. See Fed. R. Civ. P. 56(e). Moreover, contrary to the plaintiff's contention, the incident reports are consistent with the defendants' version of the incident and serve to underscore the factual dispute between the parties.

The plaintiff also contends that the videotape of the incident shows that defendants Staniec and Jereska held the plaintiff's arms down. However, the videotape does not clarify the disputed facts involving the use of the Ultron on the plaintiff because the view on the tape is obstructed by officers.

In short, the court finds that there are significant material disputes of fact concerning what transpired when the plaintiff was returned to his cell. Thes factual disputes cannot be resolved on summary judgment. Accordingly, the plaintiff's motion for summary judgment will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the's plaintiff's motion for summary judgment (Docket #119) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephonic scheduling conference on **December 5, 2006, at 2:30 p.m.** The court will initiate the conference call.

Dated at Milwaukee, Wisconsin this 29th day of November, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge